UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| FIDELITY AND GUARANTY LIFE INSUREANCE COMPANY, *et al.*, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : AMD 02-CV-3325 |
| MONA S. MURRAY, a/k/a MONA S. ARZAGA, *et al.,* | : |
| Defendants. | : |

**CONSENT JUDGMENT**

This is an interpleader action brought by Fidelity and Guaranty Life Insurance Company ("F&G Life"), pursuant to 28 U.S.C. §§ 1335, 1397, and 2361, to determine the respective rights of Singer Asset Finance Company, L.L.C. ("Singer"), United States Fidelity and Guaranty Company ("USF&G"), and Mona S. Murray, a/k/a Mona S. Arzaga ("Murray") to receive payments under F&G Life Annuity Policy No. I393910 (the "Annuity").

Murray is a party to a "Proposed Settlement Agreement and Release" dated January 22, 1985 (the "Release") with, among others, Kokosing Construction Company, Inc. and Richard Murphy, who were insured by USF&G.  USF&G purchased the Annuity to fund its insureds' payment obligations to Murray under the Release.

Singer and Murray entered into a Loan Agreement dated on or about January 7, 1999, under which Singer loaned Murray the sum of $46,613.00, and Murray granted to Singer a continuing, perfected security interest in, among other things, all the periodic payments under the Release and the Annuity (the "Collateral").

The transaction between Murray, who then was a resident of the State of Arizona and Singer,

took place in the State of Arizona. No state structured settlement protection act applied to the transaction.

Murray caused Collateral to be redirected to her, and otherwise failed and refused to forward those payments to Singer.

As a result of Murray' actions, Singer commenced an action against Murray in the Arizona Superior Court for Maricopa County in the action captioned <u>Singer Asset Finance Company, L.L.C. v. Mona S. Murray a/k/a Mona S. Arzaga</u>, Cause No. CV2001-006996 (Ariz. Super. Ct., Maricopa County) (the "Arizona Action"). Singer obtained a judgment against Murray in the amount of $69,600, plus attorneys' fees of $1,088.00 and costs of $215.00, with interest at 10% (the "Arizona Judgment") in the Arizona Action.

Singer sought to satisfy the Arizona Judgment from payments under the Annuity.

F&G Life commenced this interpleader action by filing a Complaint on or about October 9, 2002. By Order dated October 11, 2002, the Court dismissed F&G Life from the case with prejudice, but providing that F&G Life could seek its attorneys' fees and costs, and ordered USF&G, Singer, and Murray to plead and pursue their claims among themselves in connection with their respective rights and claims to the Annuity payments. Since the entry of the Court's Order of October 11, 2002, F&G Life has made payments due under the Annuity into the Registry of the Court.

All Defendants have been properly served with process. Murray, notwithstanding her being properly served with process, has not appeared in this action, and on January 15, 2003, the Court entered an Order of Default against Murray.

Murray currently is a resident of the State of Arizona. There are no Arizona statutory

2

provisions that would prohibit the transaction between Murray and/or the attachment of the annuity to satisfy Singer's judgment.

Upon the joint Motion of Singer and USF&G, it is this 10th day of April 2003 ORDERED:

1. That Murray, by virtue of her default in this matter, hereby forfeits any claims that she had or may ever have to the Annuity payments that have been paid into the Registry of the Court, and to all future Annuity payments made to Singer pursuant to this Consent Judgment.

2. That pursuant to the Court's authority under 28 U.S.C. §§ 1651 and 2361:

   a. Murray, and anyone claiming any interest derived in any way from her, is permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, USF&G, Kokosing Construction Company, Inc., Richard Murphy, Jeffrey Wirtjers, Wirtjers Trucking, Inc., Heritage Mutual Insurance Company and/or Singer based upon the Release, the Annuity, or the loan agreement between Singer and Murray dated on or about January 7, 1999 and all amendments and agreements related thereto (the "Loan Agreement");

   b. Singer, and anyone claiming any interest derived in any way from it, is permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, USF&G, Kokosing Construction Company, Inc., Richard Murphy, Jeffrey Wirtjers, Wirtjers Trucking, Inc., Heritage Mutual Insurance Company and/or Murray based upon the Release, the Annuity, or the Loan Agreement;

   c. USF&G, and anyone claiming any interest derived in any way from it, is permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, Singer, and/or Murray based upon the Release, the Annuity, or the Loan Agreement; and

   d. F&G Life, and anyone claiming any interest derived in any way from it, is

permanently enjoined from continuing or ever bringing any action or making any claim against USF&G, Singer, and/or Murray based upon the Release, the Annuity, or the Loan Agreement.

3. That F&G Life is released from any liability to USF&G, Singer, Murray, or anyone claiming any interest derived in any way from Murray, on account of any Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

4. That USF&G is released from any liability to F&G Life, Singer, Murray, or anyone claiming any interest derived in any way from Murray, on account of any Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

5. That Singer is released from any liability to F&G Life, USF&G, Murray, or anyone claiming any interest derived from Murray, on account of any Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

6. That 10% of the interest earned on the funds deposited into the Registry of the Court shall be retained by the Court as its Registry fee.

7. That F&G Life's attorneys' fees and expenses in the amount of $1,892.55 shall be paid from the remaining monies in the Registry of the Court.

8. That all remaining monies in the Registry of the Court shall be paid to Singer at the following address:

> Singer Asset Finance Company, L.L.C.
> Attention: Kenneth R. Barnett, Esquire
> 2700 North Military Trail, Suite 300
> Boca Raton, Florida 33431.

9. That F&G Life shall thereafter make all monthly payments due under the Annuity to Singer through the later of (i) February 2005, (ii) the death of Murray, or (iii) February 2011. Payments shall be made to Singer at the following address:

> Singer Asset Finance Company, L.L.C.
> PO Box 19391A
> Newark, New Jersey 07195-0391.

10. That F&G shall thereafter make all remaining payments under the Annuity, if any, to Murray.

11. That Singer shall indemnify, defend, and hold harmless F&G Life and USF&G, including their respective successors and/or parent corporations, from any claim made or action brought by Murray or any other person (i) for any payments that were due under the Annuity or the Release up to this date; (ii) on account of any Annuity payments that were made to Singer or the Court up to this date; (iii) on account of any Annuity payments that are made to Singer pursuant to this Consent Judgment; or (iv) for any actions or omissions occurring prior to the date of this Consent Judgment and arising out of or from the Annuity, the Release, or this Action. Singer's indemnification shall include all actual attorneys' fees, costs, and expenses incurred by F&G Life and/or USF&G as a consequence of any such claim or action.

12. That nothing in this Consent Judgment shall preclude F&G Life, USF&G and/or Singer from raising any claim or issue that was raised or could have been raised in the present case, except for issues relating directly to the Release, the Annuity, or the Loan Agreement, in any pending or future case.

13.    That nothing in this Consent Judgment shall preclude any party from bringing an action to enforce the terms of the Consent Judgment.

14.    That this Court shall retain jurisdiction over this matter to enforce any and all matters relating to this Consent Judgment, although the Clerk shall CLOSE THIS CASE ON THE DOCKET.

                                                                                             _____/s/_____
Andre M. Davis, Judge
United States District Court
for the District of Maryland